UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| FD SALES COMPANY, LLC             ) | |
|                                                                 ) | COURT NO.: 21-00224 |
|               PLAINTIFF,                         ) | |
|                                                                 ) | |
|               vs.                                            ) | |
|                                                                 ) | |
| UNITED STATES OF AMERICA,    ) | |
|                                                                 ) | |
|               DEFENDANT.                     ) | |
|                                                                 ) | |

## **COMPLAINT**

COMES NOW the Plaintiff FD SALES COMPANY, LLC ("Plaintiff"), by and through its undersigned counsel and, complaining of the Defendant UNITED STATES OF AMERICA ("Defendant"), would pursuant to the *Rules of the United States Court of International Trade* respectfully allege and show unto this Court as follows:

### BACKGROUND

1.)     This action is commenced in order to challenge the denial, in part, of a protest by Defendant, acting by and through U.S. Customs and Border Protection ("CBP"). On January 16, 2020, Plaintiff timely filed protest number 270420109197, challenging CBP's classification of imported articles under HTSUS Chapter 99 and collection of additional duties pursuant to Section 301 of the Tariff Act of 1930 ("Section 301"). On November 8, 2020, CBP granted in part and denied in part Plaintiff's protest. Plaintiff now challenges the partial denial on the grounds that the imported articles for which CBP denied the protest were properly excluded from the obligation of additional duties pursuant to exclusions to Section 301 granted by the Office of the United States Trade Representative and published in the Federal Register.

PARTIES, JURISDICTION AND STANDING

2.) Plaintiff is a limited liability company organized and existing under the laws of the State of Delaware, and is the importer of record and the real party-in-interest in connection with the entries of merchandise subject to the denial of protest at issue in this action.

3.) Plaintiff has standing under 28 U.S.C. § 2631 to prosecute this civil action to contest the denial of a protest filed under Section 514 of the Tariff Act of 1930 (19 U.S.C. § 1514).

4.) This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1581(a).

5.) This Court has personal jurisdiction over the parties hereto.

TIMELINESS OF THE ACTION

6.) Pursuant to 19 C.F.R. part 174.31(a), a plaintiff must commence an action contesting the denial of a protest, in whole or in part, within 180 days after the date of mailing of a notice of denial.

7.) The partial denial that is the subject of this action was mailed and/or uploaded to the Automated Commercial Environment ("ACE") by CBP on November 8, 2020.

8.) Accordingly, this action was timely commenced within 180 days of the mailing of the subject notice of denial.

STATEMENT OF FACTS

9.) On January 16, 2020, Plaintiff timely filed protest number 270420109197 (the "Protest"), challenging CBP's classification of imported articles under HTSUS Chapter 99 and collection of additional duties pursuant to Section 301 for forty-nine (49) entries of vinyl flooring,

engineered wood flooring, "Aquaguard" wood flooring, tile saws and tile nippers (the "<u>Subject Entries</u>").

10.)   In total, Plaintiff sought refund of $671,442.81 in additional Section 301 duties paid on the Subject Entries.

11.)   On November 8, 2020, CBP granted in part and denied in part the Protest, refunding to Plaintiff $238,025.44 of the $671,442.81 sought.

12.)   CBP denied Plaintiff's recovery of $433,417.37 in additional Section 301 duties paid on the Subject Entries (the "<u>Denied Claims</u>") without explanation.

13.)   The articles imported on the Subject Entries and for which CBP denied Plaintiff's protest include:

   a.)   *Vinyl Flooring* – floor coverings of polyvinyl chloride, presented in the form of tiles or planks and designed to snap together during installation, described in statistical reporting number 3918.10.1000 and excluded from Section 301 duties under 9903.88.34(3). *See* 84 Fed. Reg. 219, Nov. 13, 2019.

   b.)   *Engineered Wood Flooring* – two-layer engineered wood flooring consisting of a non-coniferous wood veneer measuring at least 0.6mm but not more than 1.2mm in thickness laminated to a single-layer base of fiberboard, each board measuring at least 9cm but not more than 21cm in width, at least 35cm but not more than 1.9m in length, and at least 5mm but not more than 12mm in thickness, described in statistical reporting number 4412.99.5105 and excluded from Section 301 duties under 9903.88.40(7). *See* 85 Fed. Reg. 34, Feb. 20, 2020.

   c.)   *"Aquaguard" Wood Flooring* – engineered wood flooring consisting of a hardwood veneer measuring 0.6mm or more but not over 1.2mm in thickness laminated onto a waterproof stonepolymer composite base, with the thickness of each panel between 5mm and 7.5mm, with tongue and groove mechanism for installation and an attached foam pad, described in statistical reporting number 4412.99.5105 and excluded from Section 301 duties under 9903.88.34(9). *See* 84 Fed. Reg. 219, Nov. 13, 2019.

   d.)   *Tile Saws* – saws for the cutting of tile as described in statistical reporting number 8464.10.0100 and excluded from Section 301 duties under 9903.88.17(63). *See* 84 Fed. Reg. 219, Nov. 13, 2019.

3

e.)   *Tile Nippers* – cutting pliers each weighing 90g or more but not over 545g, measuring not over 32cm in length, not over 10.5cm in width, and not over 3cm in thickness, described in statistical reporting number 8203.20.6030 and excluded from Section 301 duties under 9903.88.34(26). *See* 84 Fed. Reg. 219, Nov. 13, 2019.

## STATEMENT OF CLAIMS

### COUNT I

14.)   To the extent not inconsistent herewith, Plaintiff hereby incorporates, repeats and realleges the foregoing paragraphs as if fully set forth herein verbatim.

15.)   Plaintiff paid additional Section 301 duties on the Subject Entries at the time of import in the amount of $671,442.81.

16.)   Plaintiff is entitled to grant of its Protest in full and a refund of duties paid as the articles imported are properly excluded from additional Section 301 duties.

17.)   Defendant acted contrary to law in failing to grant the Protest in full and in only refunding Plaintiff $238,025.44 of the $671,442.81 to which Plaintiff is entitled.

18.)   Plaintiff is entitled to recovery the balance of additional Section 301 duties paid in the amount of $433,417.37.

## PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests that this Court enter judgment overruling Defendant's partial denial of protest number 270420109197, grant Plaintiff's claims for application of exclusions from additional tariffs under Section 301 of the Trade Act of 1930, order reliquidation of the subject entries, award Plaintiff $433,417.47, and grant such other and further relief as this Court may determine to be just and proper.

Respectfully submitted this 7th day of May, 2021.

                                                       FOX ROTHSCHILD LLP

                                                       By: */s/Lizbeth R. Levinson*

                                                       Lizbeth R. Levinson
                                                       Brittney R. Powell
                                                       Joseph W. Rohe
                                                       1030 15th Street NW, Suite 380 East
                                                       Washington, DC 20005
                                                       Telephone: (202) 794-1182
                                                       llevinson@foxrothschild.com
                                                       bpowell@foxrothschild.com
                                                       jrohe@foxrothschild.com

Dated: May 7, 2021

Active\122519012.v1-5/7/21