UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| FD SALES COMPANY, LLC, | ) |
| PLAINTIFF, | ) COURT NO.: 21-00224 |
| vs. | ) |
| UNITED STATES OF AMERICA, | ) |
| DEFENDANT. | ) |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION
TO DEFENDANT'S MOTION TO DISMISS**

Pursuant to Rule 7(d), Plaintiff FD SALES COMPANY, LLC ("Plaintiff"), respectfully submits Plaintiff's Memorandum in Opposition to Defendant's Motion to Dismiss for lack of subject matter jurisdiction.

**BACKGROUND AND STATEMENT OF RELEVANT FACTS**

Plaintiff brought this action in order to challenge the denial, in part, of a protest filed with U.S. Customs and Border Protection ("CBP"). On January 16, 2020, Plaintiff timely filed protest number 270420109197 (the "Protest"), challenging CBP's classification of imported articles under HTSUS Chapter 99 and collection of additional duties pursuant to Section 301 of the Trade Act of 1974 ("Section 301"). The Protest covered sixty (60) entries of "clicking/locking vinyl flooring" entered by Plaintiff between September 24, 2018 and March 10, 2019 (the "Subject Entries"). On November 3, 2020, CBP provided notice via the ACE portal that the Protest was, with respect to all sixty (60) of the Subject Entries, "approved." *See* ACE Report, attached as EXHIBIT 1; *see also* Memo. in Support of Def.'s Mot. to Dismiss, pg. 2 ("On November 3, 2020, CBP approved the Protest…CBP sent notice of its decision to approve the Protest by means of the Automated Commercial Environment (ACE) on the same date."). As a result of the foregoing, Plaintiff fully

expected to receive all refunds sought in the "approved" Protest. *See* EXHIBIT 2, Affidavit of Wayne Lin, ¶ 7.

Despite Defendant's assertion that "[u]pon approving the Protest, CBP issued a refund covering all of the merchandise that plaintiff claimed to be subject to section 301 exclusions," CBP in fact only issued a refund for $294,342.70 of the $767,290.10[1] for which Plaintiff claimed Section 301 exclusions. *See* EXHIBIT 2, Lin Aff., ¶ 8. With respect to fourteen (14) of the Subject Entries, CBP issued full refunds.[2] *See* EXHIBIT 3, List of Fully Refunded Entries. However, with respect to the remaining forty-six (46) entries, CBP issued no refund at all or only a partial refund. *See* EXHIBIT 4, List of No Refund/Partially Refunded Entries. Plaintiff did not know, could not know, and had no reason to know that CBP failed to refund the full amount requested in this "approved" Protest until Plaintiff received refunds that did not accord with the amounts sought and "approved" by CBP. *See* EXHIBIT 2, Lin Aff., ¶ 9.

## STANDARD OF REVIEW

When the court's jurisdiction is challenged, "[t]he party seeking to invoke…jurisdiction bears the burden of proving the requisite jurisdictional facts." Former Emps. Of Sonoco Prods. Co. v. U.S., 27 C.I.T. 812, 814, 273 F.Supp.2d 1336, 1338 (2003)(*citing* McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189 (1936)). However, in deciding a motion to dismiss, "the Court assumes that 'all well-pled factual allegations are true,' construing 'all reasonable inferences in favor of the nonmovant.'" U.S. v. Islip, 22 C.I.T. 852, 854, 18 F.Supp.2d 1047, 1051 (1998)(*quoting* Gould, Inc. v. U.S., 935 F.2d 1271, 1274 (Fed. Cir. 1991)). "To survive a motion

---

[1] Plaintiff's summations of monies sought and refunded as set forth in the Compliant were inaccurate and have been revised herein.

[2] Of note, CBP now claims that one of these entries (Entry No. 442-7917642-2) was withdrawn from the Protest, despite the fact that CBP issued Plaintiff a full refund of monies sought following "approval" of the Protest.

to dismiss, a compliant must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(*quoting* Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (1955)). Accordingly, "where Defendant filed the motion to dismiss, the court must construe *all reasonable inferences* in favor of Plaintiff." Cisco Sys., Inc. v. U.S., 35 C.I.T. 1593, 1595 (2011) [emphasis added].

## ARGUMENT AND CITATIONS OF AUTHORITY

**I.     PLAINTIFF'S ACTION WAS TIMELY COMMENCED**

In its Motion and accompanying Memorandum in Support, Defendant argues that this action was not timely commenced because it was not filed "within one hundred eighty days after the date of mailing of notice of denial of a protest." *See* Memo. in Support of Def.'s Mot. to Dismiss, pg. 5. However, Defendant undermines this argument only several paragraphs later when it asserts "there was no denial of a protest." *See* Memo. in Support of Def.'s Mot. to Dismiss, pg. 6. This is evidently based upon the fact, with which Defendant readily agrees, that the Protest was "approved" by CBP—or at least that was the information communicated to Plaintiff by CBP. In reality however, and despite the fact that CBP "approved" the Protest, CBP failed to fully refund the Section 301 duties paid by Plaintiff. Thus, the Protest was effectively denied when CBP failed to remit *all* of the refund payments due to Plaintiff and "approved" by CBP. Accordingly, the Protest was denied in part even though CBP notified Plaintiff that it had been "approved" on November 3, 2020.

As noted above, Plaintiff did not know, could not know, and had no reason to know that CBP failed to refund the full amount requested in this "approved" Protest until Plaintiff received refunds that did not accord with the amounts sought and "approved" by CBP. Accordingly, Plaintiff could not and did not have notice, actual or constructive, that CBP had in effect "denied"

portions of the Protest prior to November 30, 2020, when the first of the allegedly "approved" Protest refunds were partially paid. *See* EXHIBIT 2, Lin Aff., ¶ 9. Because Plaintiff was not made aware of this denial until well after the November 3, 2020 notice, utilization of the November 3 "approval" of the Protest to calculate the timeliness of filing this action would be inappropriate.

The Protest, which was initially "approved" in full, did not become "denied" until CBP failed to remit the refunds in full. Defendant, perhaps unwittingly, acknowledges this point at page 7 of its brief, in which it states that some of the refunds sought in the Protest "have already been refunded, and therefore, [were] approved." *See* Memo. in Support of Def.'s Mot. to Dismiss, pg. 7. Conversely, CBP's failure to refund portions of the protested entries must, therefore, constitute a "denial."  The first non-conforming refund payment was received on November 30, 2020, which is within 180 days of the filing of this action. Accordingly, Plaintiff avers this action was timely filed following CBP's effective partial denial of the Protest.

**II.     SUBJECT MATTER JURISDICTION EXISTS UNDER 28 U.S.C. § 1581(a)**

Plaintiff's action is based upon CBP's *effective* denial of a timely filed Protest. As previously noted, although the Protest was "approved," CBP effectively denied the Protest, in part, when it failed to fully remit the refunds sought that had been allegedly "approved" on November 3. The entries included in the Protest and subject of this action can be broken into two (2) categories: those in which no refund was issued; and those in which a partial refund was issued.

  **A.     Subject Entries for which CBP Issued No Refund**

    **1.     *Entries originally misclassified***

Defendant claims this Court lacks jurisdiction on the basis that certain of the entries "were not properly protested because…15 summonsed entries do not contain merchandise liquidated under subheading 3918.10.10, HTSUS, which was the only classification challenged by plaintiff

in the Protest." *See* Memo. in Support of Def.'s Mot. to Dismiss, pg. 7. Plaintiff readily acknowledges that merchandise classified under subheading 3918.10.10 was the only merchandise subject to the Protest; however, many of these subject entry lines were initially misclassified under 3918.10.2000 (vinyl flooring in rolls), and were subsequently corrected via post-summary correction ("PSC") to reflect the correct classification of 3918.10.1000 (vinyl flooring in tiles or planks). *See* EXHIBIT 2, Lin Aff., ¶ 4, EXHIBIT 4, List of No Refund/Partially Refunded Entries. Moreover, the PSCs correcting this classification were filed before or concurrent with the filing of the Protest. *See* EXHIBIT 2, Lin Aff., ¶ 4.

Upon information and belief, CBP's failure to refund Section 301 duties paid on these entries was the result of the initial misclassification and CBP's failure to account for the corrected classification as set forth in the PSCs filed for these entries.

### 2. *Entries allegedly withdrawn*

Defendant next alleges that this Court lacks jurisdiction on the basis that "11 summonsed entries were withdrawn from the Protest." *See* Memo. in Support of Def.'s Mot. to Dismiss, pg. 8. In reality, neither Plaintiff nor anyone acting on Plaintiff's behalf ever withdrew any entry from the Protest. *See* EXHIBIT 2, Lin Aff., ¶ 11. Nor does the ACE report indicate that any entries were withdrawn from the Protest—rather, it establishes conclusively that all sixty (60) of the Subject Entries were "approved." *See* EXHIBIT 1. The claim that these entries were withdrawn is further undermined by the fact that CBP issued a full refund for entry number 442-7917642-2—one of the entries alleged to have been withdrawn. *See* EXHIBIT 2, Lin Aff., ¶ 11.

### B. Subject Entries for which CBP Issued Partial Refunds

The remaining entries involve those for which partial refunds were issued by CBP. *See* EXHIBIT 4, List of No Refund/Partially Refunded Entries. It is not clear why only partial refunds

were issued, but it appears that certain PSCs filed by Plaintiff may have caused some confusion in the processing of refunds by CBP. As described above, PSCs were submitted to correct classifications, identify the relevant Section 301 exclusion, and remove the calculation for these Section 301 duties on articles classified under subheading 3918.10.10. *See* EXHIBIT 2, Lin Aff., ¶ 5. The entry lines for which CBP did not issue a refund in these partially-refunded entries appear to involve the submission of these PSCs. However, the Section 301 duties had been previously paid at the time of entry and filing of the original Form 7501, though they were not reflected in the PSCs filed. *See id.* Upon information and belief, because these Section 301 duties were not reflected on the PSCs, CBP mistakenly overlooked them and failed to remit refunds of the Section 301 duties previously paid at time of entry and filing of the original Form 7501.

Regardless of how or why CBP's omission occurred, Plaintiff is entitled to recover Section 301 duties paid on merchandise properly classified under subheading 3918.10.10 and to which a valid exclusion applied in accordance with the "approved" Protest.

  **C.**  **Entries for which CBP Issued Full Refund**

As noted, CBP issued full refunds on fourteen (14) of the Subject Entries. *See* EXHIBIT 3, List of Fully Refunded Entries. Plaintiff has not sought to include those fourteen (14) entries in this action and, to the extent Defendant argues "there is no justiciable case or controversy" with respect to those fourteen (14) entries[3], Plaintiff would agree. Accordingly, Plaintiff does not seek adjudication by the Court with respect to the entries set forth in EXHIBIT 3.

---

[3] Defendant argues that twenty-three (23) entries were refunded in full (*see* Memo. in Support of Def.'s Mot. to Dismiss, pgs. 9-10); however, this allegation does not comport with the evidence in this case. *See* EXHIBIT 2, Lin Aff., ¶ 10.

## CONCLUSION

Based upon the foregoing, it is clearly demonstrated that a "live" justiciable case and controversy exists with respect to the forty-six (46) entries for which CBP has either issued no refund or only partial refund, and Plaintiff retains a "legally cognizable interest in the outcome" of this litigation. Accordingly, Defendant's Motion to Dismiss should be DENIED.

Respectfully submitted this 8th day of October 2021.

> FOX ROTHSCHILD LLP
>
> By: */s/ Lizbeth R. Levinson*
>
> Lizbeth R. Levinson
> Brittney R. Powell
> Joseph W. Rohe
> 1030 15th Street NW, Suite 380 East
> Washington, DC 20005
> Telephone: (202) 794-1182
> llevinson@foxrothschild.com
> bpowell@foxrothschild.com
> jrohe@foxrothschild.com

## CERTIFICATE OF COMPLIANCE

I, Joseph W. Rohe, an attorney with Fox Rothschild LLP who is responsible for the Plaintiff's Memorandum in Opposition to Defendant's Motion to Dismiss, dated October 8, 2021, relying upon the word count function of the word processing program used to prepare the memorandum, certify that this memorandum complies with the word count limitation under the Court's chamber procedures, and contains 1,890 words, including headings.

> */s/ Joseph W. Rohe*
> Joseph W. Rohe