UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: HON. JANE A. RESTANI, JUDGE

---

|                         |   |                      |
|-------------------------|---|----------------------|
| FD SALES COMPANY LLC    | : |                      |
|                         | : |                      |
| Plaintiff,              | : | Court No. 21-00224   |
|                         | : |                      |
| v.                      | : |                      |
|                         | : |                      |
| UNITED STATES,          | : |                      |
|                         | : |                      |
| Defendant.              | : |                      |

---

## DEFENDANT'S REPLY MEMORANDUM IN FURTHER SUPPORT OF ITS MOTION TO DISMISS

# <u>TABLE OF CONTENTS</u>

ARGUMENT ............................................................................................................. 2

I.    The Court Lacks Jurisdiction Over FD Sales's Untimely Summons ...................... 2

II.   The Court Lacks Jurisdiction Over Claims Not Asserted In FD Sales's Protest .... 5

III.  The Court Lacks Jurisdiction Over Entries Withdrawn From FD Sales's Protest .. 8

CONCLUSION ......................................................................................................... 11

# TABLE OF AUTHORITIES

## Cases

*Ataka America, Inc. v. United States,*
   17 CIT 598, 826 F. Supp. 495 (1993) ................................................................8

*AutoAlliance International, Inc. v. United States,*
   26 CIT 1316 (2002), aff'd, 357 F.3d 1290 (Fed. Cir. 2004)..............................3

*Dart Export Corporation v. United States,*
   43 CCPA 64, C.A.D. 610 (1956), cert. denied, 352 U.S. 824 (1956)................8

*Dow Chemical Co. v. United States,*
   10 CIT 550, 647 F. Supp. 1574 (1986) ..............................................................8

*Farrell Lines, Inc. v. United States,*
   667 F.2d 1017 (CCPA 1982)..............................................................................7

*Sanyo Elec., Inc. v. United States,*
   81 Cust. Ct. 114 (1978) .....................................................................................3

*Travenol Laboratories, Inc. v. United States,*
   118 F.3d 749 (Fed. Cir. 1997) ...........................................................................7

*Trs. Of Leland Stanford Junior University v. United States,*
   948 F. Supp. 1072 (CIT 1996) ...........................................................................3

## Harmonized Tariff Schedule of the United States

Heading 3918.10.10................................................................................4, 5, 6, 7

Heading 3918.10.1000 ....................................................................................5

Heading 3918.10.20...........................................................................................6, 7, 8

Heading 3918.10.2000 ....................................................................................5

Heading 9903.88.34...........................................................................................4

## Statutes

19 U.S.C. § 1514 ...............................................................................................8

19 U.S.C. § 1514(a) .......................................................................................3, 7

28 U.S.C. § 1581(a).................................................................................*passim*

28 U.S.C. § 2636(a)(1) ................................................................................2, 3, 4

Section 515 of the Tariff Act of 1930..................................................................2

Section 301 of the Trade Act of 1974.......................................................*passim*

**<u>Regulations</u>**

National Customs Automation Program (NCAP) Test Concerning Electronic Filing of
   Protests in the Automated Commercial Environment (ACE),
   81 Fed. Reg. 53498, 53500 (Aug. 12, 2016)...................................................2

**<u>Other Authorities</u>**

Post Summary Corrections,
   https://www.cbp.gov/trade/programs-administration/entry-summary/
   post-summary-correction..................................................................................7

UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: HON. JANE A. RESTANI, JUDGE

| | | |
|---|---|---|
| FD SALES COMPANY LLC | : | |
| | : | |
| Plaintiff, | : | Court No. 21-00224 |
| | : | |
| v. | : | |
| | : | |
| UNITED STATES, | : | |
| | : | |
| Defendant. | : | |

### **DEFENDANT'S REPLY MEMORANDUM IN FURTHER SUPPORT OF ITS MOTION TO DISMISS**

Defendant, United States (the Government), submits this reply memorandum in support of its motion, pursuant to Rule 12(b)(1) of the Rules of the United States Court of International Trade, to dismiss this action for lack of subject matter jurisdiction.

Plaintiff, FD Sales Company LLC (FD Sales), seeks to invoke the jurisdiction of this Court under 28 U.S.C. § 1581(a) challenging the denial of a protest. Because FD Sales's protest was approved in full, and FD Sales filed this case beyond the statutory timeframe, this action must be dismissed for lack of subject matter jurisdiction.

Our opening brief set forth a discussion concerning Section 301 duties assessed pursuant to section 301 of the Trade Act of 1974 and the general facts of this case. Below we provide the following additional relevant information in response to the allegations made in FD Sales's response brief. Pl.'s Mem. in Opposition to Def's Mot. To Dismiss (ECF no. 18).

## ARGUMENT

### I.    The Court Lacks Jurisdiction Over FD Sales's Untimely Summons

FD Sales claims jurisdiction under 28 U.S.C. § 1581(a), *see* Compl. ¶ 4, which grants the Court exclusive jurisdiction over "any civil action commenced to contest the denial of a protest, in whole or in part, under section 515 of the Tariff Act of 1930."  28 U.S.C. § 1581(a).  For this Court to have jurisdiction under 28 U.S.C. § 1581(a), a civil action contesting "the denial of a protest, in whole or in part" must be commenced within 180 days after the date of mailing of the notice of the protest denial. 28 U.S.C. § 2636(a)(1).  FD Sales's claim must be rejected because its protest was approved and, even if the protest could be considered denied in part, which it was not, it is undisputed that FD Sales filed its summons in this case more than 180 days after the date of the decision.

For protests filed in the U.S. Customs and Border Protection (Customs or CBP) Automated Commercial Environment (ACE), notification of a decision on the protest is sent to the protestant electronically in ACE.  *See* 81 Fed. Reg. 53,498, 53,500 (Aug. 12, 2016).  FD Sales does not dispute that it received notice of the approval of its protest on November 3, 2020.  Rather, it argues that such notice did not trigger the 180-day period for filing of the summons in this Court.  FD Sales is wrong.

Despite the fact that CBP approved FD Sales's protest on November 3, 2020, FD Sales asserts that its "Protest was effectively denied when CBP failed to remit all of the refund payments due to Plaintiff and 'approved' by CBP."  Pl.'s Mem. at 3.  FD Sales claims that "utilization of the November 3 'approval' of the Protest to calculate the timeliness of filing this action would be inappropriate" because "[t]he first non-conforming refund payment was received on November 30, 2020."  *Id.* at 4.  FD Sales

2

goes on to argue that its summons was timely filed because, it says, the 180-day statutory period began to run on November 30, 2020, the date "when the first of the allegedly 'approved' Protest refunds were partially paid," rather than November 3, 2020, the undisputed date that CBP sent notice of the approval of the protest.  *Id.*

FD Sales's argument is contrary to the clear and unambiguous statutory terms, which provide that an action commenced under 28 U.S.C. § 1581(a) can challenge a protest that was denied, in whole or in part, and only if it is commenced within 180 days of the date of the issuance of the notice of denial.  28 U.S.C. § 2636(a)(1), 19 U.S.C. § 1514(a), and 28 U.S.C. § 1581(a).  Here, FD Sales failed to meet either requirement. For the reasons explained in detail in our moving papers and below, the subject protest was approved by CBP in full, and the summons was filed more than 180 days following CBP's decision on the protest.

The protest covered by this court action was approved by CBP in full because CBP granted all the claims made by FD Sales in its protest in their entirety.  It is well established that "Customs' response on the protest form is not dispositive and '[t]he court must look to what Customs actually did.'"  *AutoAlliance International, Inc. v. United States*, 240 F. Supp. 2d 1315, 1323 (quoting *Trs. Of Leland Stanford Junior University v. United States*, 948 F. Supp. 1072, 1074 (CIT 1996)).  The court must analyze "the extent to which the protest has resulted in a change of the protested decision."  *Sanyo Elec., Inc. v. United States*, 81 Cust. Ct. 114, 115 (1978).  "If any part of the protested decision remains in effect, then the protest has been denied in part."  *AutoAlliance*, 240 F. Supp. 2d at 1326.

Here, no part of FD Sales's protested decision remains in effect.  The decision protested by FD Sales was the assessment of Section 301 duties on clicking/locking vinyl flooring classified by CBP at liquidation under subheading 3918.10.10, of the Harmonized Tariff Schedule of the United States (HTSUS).  FD Sales claimed in its protest that the merchandise was subject to a Section 301 exclusion granted by the Office of the United States Trade Representative (USTR) under subheading 9903.88.34, HTSUS.  CBP agreed with FD Sales, approved the protest, applied the exclusion, and refunded the Section 301 duties paid by FD Sales on all the merchandise classified at liquidation under subheading 3918.10.10, HTSUS.  Therefore, FD Sales's protest "resulted in a change of the protested decision" in its entirety, and consequently, was approved in full.

Even if the Court were to accept FD Sales's claim that it became aware of an alleged partial denial of its protest when it first received allegedly "incomplete" refunds on November 30, 2020, which the Court should not accept, that date is irrelevant for purposes of the timeliness of the filing of FD Sales's summons.  Before notices of decisions on protests were sent electronically via ACE, those notices were sent to protestants by regular mail.  Pursuant to 28 U.S.C. § 2636(a)(1), the date that triggered the commencement of the 180-day period for filing of the summons was the date of mailing of the notice of denial, not the date when the protestant opened its mail and became aware of the denial.  Similarly, to the extent that FD Sales here argues that its protest was partially denied, its time to file the summons challenging the alleged partial denial began to run from the date of CBP's decision, not from the date when FD Sales decided it was unsatisfied with the scope of the relief.  In any event, FD Sales had ample

4

opportunity to file a timely summons within 180 days of November 3, 2020, the date

CBP notified FD Sales of the decision on its protest.  Specifically, FD Sales had more

than five months from the date on which it claims to have discovered that its protest was

allegedly denied in part to file a timely summons.

For these reasons, the Court lacks jurisdiction over this court action under 28

U.S.C. § 1581(a).

**II.     The Court Lacks Jurisdiction Over Claims Not Asserted In FD Sales's Protest**

Even if the Court were to find that it possesses subject matter jurisdiction over FD

Sales's approved protest, despite the untimely filed summons, which it should not, the

Court lacks jurisdiction under 28 U.S.C. § 1581(a) over claims not asserted by FD Sales

in its protest.  CBP granted FD Sales's protest claim in full when it issued the refunds of

Section 301 duties on all the merchandise classified under subheading 3918.10.10,

HTSUS.  In fact, "Plaintiff readily acknowledges that merchandise classified under

subheading 3918.10.10 was the only merchandise subject to the Protest."  Pl.'s Mem.

at 5.  This concession is fatal to FD Sales's case.

Nevertheless, FD Sales argues that "many of these subject entry lines were

initially misclassified under 3918.10.2000 (vinyl flooring in rolls), and were subsequently

corrected via post-summary correction ('PSC') to reflect the correct classification of

3918.10.1000 (vinyl flooring in tiles or planks)."  *Id.*  FD Sales contends that "the PSCs

correcting this classification were filed before or concurrent with the filing of the

Protest."  *Id.*  FD Sales further claims that the "PSCs were submitted to correct

classifications, identify the relevant Section 301 exclusion, and remove the calculation

for these Section 301 duties on articles classified under subheading 3918.10.10."  *Id.* at 6.

5

FD Sales explains that "certain PSCs filed by Plaintiff may have caused some confusion in the processing of refunds by CBP." *Id.* FD Sales notes that with respect to the entries on which CBP issued partial refunds, "[t]he entry lines for which CBP did not issue a refund in these partially-refunded entries appear to involve the submission of these PSCs." *Id.* FD Sales also believes that Section 301 duties were paid on those entries at the time of filing of the entries, but were not reflected in the PSCs. *Id.* As a result, FD Sales alleges that "CBP mistakenly overlooked them and failed to remit refunds of the Section 301 duties previously paid at time of entry and filing of the original Form 7501." *Id.*

Based on these myriad and irrelevant allegations, it appears that FD Sales filed PSCs on some of the entries covered by its protest in which some of the merchandise was initially classified under subheading 3918.10.20, HTSUS. CBP granted some, but not all, of FD Sales's PSCs, and some of the clicking/locking vinyl flooring was reclassified under subheading 3918.10.10, HTSUS, resulting in refunds of Section 301 duties to FD Sales.

There are two possible reasons that some PSCs were rejected by CBP. First, FD Sales may have failed to submit the supporting documentation necessary to justify the reclassification of the merchandise covered by certain entries from subheading 3918.10.20 to subheading 3918.10.10, HTSUS. Second, FD Sales's PSCs may have been filed too late. According to FD Sales, some of its PSCs were filed before or concurrent with the filing of the protest. Pl.'s Mem. at 5. Such PSCs would be denied automatically by ACE as untimely. "PSC filers can submit [PSCs] within 300 days from the date of entry and up to 15 days of the scheduled liquidation date, whichever date is earlier. If

PSCs are filed outside the specified timeframes, ACE will automatically reject it."  *See*

https://www.cbp.gov/trade/programs-administration/entry-summary/post-summary-

correction.

      In any event, the reason that CBP may have denied some of FD Sales's PSCs is

irrelevant for purposes of this action.  Once the merchandise was classified at liquidation

under subheading 3918.10.20, HTSUS, FD Sales could not challenge CBP's actions on

the PSCs, and its only remedy was to protest the classification of the merchandise at

liquidation, claim that it should be classified under subheading 3918.10.10, HTSUS, and

subject to an exclusion from Section 301 duties.  FD Sales's failure to protest the

classification of the merchandise at liquidation under subheading 3918.10.20, HTSUS,

makes the liquidation of the entries final and conclusive with respect to that merchandise

and deprives the Court of jurisdiction to review the classification of the merchandise and

imposition of Section 301 duties in this action.  19 U.S.C. § 1514(a) provides that

"liquidation or reliquidation, and, decisions of [CBP], including the legality of all orders

and findings entering into the same, … shall be final and conclusive upon all persons

(including the United States and any officer thereof) unless a protest is filed in

accordance with this section…."

      "[L]iquidation is long honored in customs procedure as the final reckoning of an

importer's liability on an entry."  *Travenol Laboratories, Inc. v. United States*, 118 F.3d

749, 752-753 (Fed. Cir. 1997), citing *Farrell Lines, Inc. v. United States*, 667 F.2d 1017,

1020 (CCPA 1982).  "[A]ll decisions of the collector involved in the ascertaining and

fixing the rate and amount of duties chargeable against imported merchandise entered for

consumption are merged in and become a part of a legal liquidation, and it is a legal

liquidation only … against which a protest will lie." *Dow Chemical Co. v. United States*, 10 CIT 550, 557, 647 F. Supp. 1574 (1986), *quoting Dart Export Corporation v. United States*, 43 CCPA 64, 73, C.A.D. 610 (1956), cert. denied, 352 U.S. 824 (1956).  Based on its terms and as interpreted by the courts, 19 U.S.C. § 1514 provides a unified procedure for challenging all aspects of a liquidation, including the legality of any orders or findings involved in the administrative process.  *See Ataka America, Inc. v. United States*, 17 CIT 598, 606, 826 F. Supp. 495, 502 (1993) ("Where an action by Customs … merges into liquidation, the action must be protested to avoid finality.").

Thus, notwithstanding CBP's reasons for rejecting the PSCs, based on the statute and judicial precedent, CBP's decisions on the PSCs merged in and became part of liquidation.  If FD Sales wanted to challenge the classification of its merchandise under subheading 3918.10.20, HTSUS, and the applicability of Section 301 duties, it had to do so by protesting the classification of such merchandise at liquidation.  FD Sales's failure to protest the classification of the merchandise under subheading 3918.10.20, HTSUS, at liquidation made the liquidation final and conclusive and precluded it from claiming Section 301 duty refunds on that merchandise in this court action.  Thus, the Court lacks jurisdiction over FD Sales's claims with respect to the merchandise classified at liquidation under subheading 3918.10.20, HTSUS, because such claims were not included in the protest.

III.    **The Court Lacks Jurisdiction Over Entries Withdrawn From FD Sales's Protest**

Finally, the Court lacks jurisdiction over the untimely summonsed entries that were withdrawn from FD Sales's administrative protest.  FD Sales disputes the Government's argument that the Court lacks jurisdiction under 28 U.S.C. § 1581(a) over

eleven summonsed entries that were withdrawn from its protest.  In fact, twelve entries

were withdrawn from FD Sales's protest, but only eleven of the twelve were summonsed.

Decl. of Penny Williams, ¶ 10, n.2 (Exh. 1).  FD Sales counters that "neither Plaintiff nor

anyone acting on Plaintiff's behalf ever withdrew any entry from the Protest."  Pl.'s

Mem. at 5.

      FD Sales is incorrect because CBP cannot "withdraw" entries from a protest.

Decl. of Penny Williams, ¶¶ 7-8.  CBP's role with respect to protests is to review,

analyze, and approve or deny protests, in full or in part.  *Id.*, ¶ 7.  CBP is not permitted

and does not have the functionality in ACE to add or withdraw entries from protests.  *Id.*

The feature in ACE that allows withdrawal of entries from protests is accessible only to

protest filers and, if and when the filer withdraws entries from a protest, CBP can access

a read-only view of the entries covered by the protest, which contains a column showing

the status of the entries indicating whether any were withdrawn.  *Id.*, ¶¶ 5 and 8;

Protested Entries (Exh. 2).

      From a procedural perspective, CBP's read-only access to entry withdrawals is

logical because it is up to the filer to decide which entries should be included in its

protest, and it is then up to CBP to decide whether the entries were properly and timely

protested.  CBP can deny a protest if it was untimely or premature with respect to the

liquidation of a certain entry, but it cannot and should not be able to withdraw an entry

from a protest.

      In this case, it appears that six of the eleven withdrawn entries were covered by

other protests, which potentially explains why FD Sales or its agent decided to withdraw

the entries.  As FD Sales notes, CBP issued a refund for one of the entries withdrawn

from the protest, entry no. 442-7917642-2, but that refund was granted because the HTSUS code was subject to an approved exclusion. *See* Pl.'s Mem. at 2, n.2. Regardless of FD Sales's or its agent's reason for withdrawing entries from the protest, the Court lacks section 1581(a) jurisdiction over entries that were withdrawn, and therefore not covered by the protest.

## <u>CONCLUSION</u>

For the foregoing reasons and those in our moving papers, this Court should grant

the Government's motion to dismiss.

Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General

PATRICIA M. McCARTHY
Director

JUSTIN R. MILLER
Attorney in Charge
International Trade Field Office

<u>/s/ Aimee Lee</u>
AIMEE LEE
Assistant Director

<u>/s/ Guy R. Eddon</u>
GUY R. EDDON
Trial Attorney
Department of Justice, Civil Division
Commercial Litigation Branch
26 Federal Plaza, Room 346
New York, New York 10278
(212) 264-9232 or 9230
*Attorneys for Defendant*

Of Counsel:
Valerie M. Kruger
Yelena Slepak
Office of the Assistant Chief Counsel
International Trade Litigation
U.S. Customs and Border Protection

Dated:  November 19, 2021

## **CERTIFICATE OF COMPLIANCE**

I, Guy Eddon, an attorney in the Office of the Assistant Attorney General, Civil Division, Commercial Litigation Branch, International Trade Field Office, who is responsible for the Government's reply memorandum in further support of defendant's motion to dismiss, dated November 19, 2021, relying upon the word count feature of the word processing program used to prepare the memorandum, certify that this memorandum complies with the word count limitation under the Court's chambers procedures, and contains 2,635 words.

/s/ Guy Eddon