UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE THE HONORABLE JANE A. RESTANI, JUDGE

| | |
|---|---|
| FD SALES COMPANY, LLC, | ) |
| Plaintiff, | ) Court No.: 21-0224 |
| vs. | ) |
| UNITED STATES OF AMERICA, | ) |
| Defendant. | ) |

**AMENDED COMPLAINT**

Pursuant to this Court's Order of December 27, 2021, Plaintiff FD Sales Company, LLC \ ("Plaintiff"), by and through its undersigned counsel, hereby files this amended complaint.

**BACKGROUND**

1.) This action is commenced in order to challenge the failure of Defendant, acting by and through U.S. Customs and Border Protection ("CBP"), to remit refunds of Section 301 duties due and owing to Plaintiff. On January 16, 2020, Plaintiff timely filed protest number 270420109197 (the "Protest"), challenging CBP's classification of imported articles under HTSUS Chapter 99 and collection of additional duties pursuant to Section 301 of the Trade Act of 1974 ("Section 301"). The Protest covered sixty (60) entries containing, *inter alia*, "clicking/locking vinyl flooring" entered by Plaintiff between September 24, 2018 and March 10, 2019 (the "Entries"). On November 3, 2020, CBP provided notice via the ACE portal that the Protest was, with respect to all sixty (60) of the Subject Entries, "approved." *See* EXHIBIT A.

2.) Notwithstanding that the Protest was approved or granted, Defendant refused and continues to refuse to remit payment of all refunds due to Plaintiff under this approved Protest.

1

3.) Plaintiff avers the refusal to remit payment of refunds due pursuant to an approved Protest effectively constitutes a denial of the Protest. Alternatively, Plaintiff avers Defendant's actions and failures to act constitute errors in the administration and/or enforcement of the Customs laws.

4.) Plaintiff hereby challenges Defendant's failure to remit payment of refunds due to Plaintiff for imported merchandise that was properly excluded from the obligation of additional duties pursuant to exclusions to Section 301 granted by the Office of the United States Trade Representative ("USTR") and published in the Federal Register.

## PARTIES, JURISDICTION AND STANDING

5.) Plaintiff is a limited liability company organized and existing under the laws of the State of Delaware, and is the importer of record and the real party-in-interest in connection with the entries of merchandise subject to the denial of protest at issue in this action.

6.) Plaintiff has standing under 28 U.S.C. § 2631 to prosecute this civil action.

7.) This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1581(a) or, alternatively, 28 U.S.C. § 1581(i).

8.) This Court has personal jurisdiction over the parties hereto.

## TIMELINESS OF THE ACTION

9.) Pursuant to 28 U.S.C. § 2636(a), a plaintiff must commence an action contesting the denial of a protest, in whole or in part, within 180 days after the date of mailing of a notice of denial. Although notice of approval of the Protest was uploaded to the Automated Commercial Environment ("ACE") on November 3, 2020, Defendant effectively provided notice of denial

when it mailed Plaintiff short refund payments on or about November 30, 2020. Accordingly, this action was timely commenced within 180 days of the mailing of a notice of denial.

10.) Alternatively and pursuant to 28 U.S.C. § 2636(i), a plaintiff must commence an action under 28 U.S.C. § 1581(i) within two years after the cause of action first accrues. As Plaintiff's cause of action herein could not have accrued prior to the filing of the Protest on January 16, 2020, this action was timely commenced within two years of the date the cause of action first accrued.

## STATEMENT OF FACTS

11.) On January 16, 2020, Plaintiff timely filed protest number 270420109197 (the "Protest"), seeking application of exclusions granted by the USTR and challenging CBP's classification of imported articles under HTSUS Chapter 99 and collection of additional duties pursuant to Section 301 for sixty (60) entries containing, *inter alia*, "clicking/locking vinyl flooring" entered by Plaintiff between September 24, 2018 and March 10, 2019 (the "Entries").

12.) In total, Plaintiff's Protest sought a refund of $767,290.10 of Section 301 duties paid on the Entries.

13.) Prior to or concurrent with the filing of the Protest, Plaintiff, through its broker, filed a number of post-summary corrections ("PSCs") to correct a mistaken classification of "clicking/locking vinyl flooring" from 3918.10.2000 to the correct classification of 3918.10.1000. Upon review, it appears that the majority of these PSCs were not accepted by the ACE portal because they were untimely.

14.) On November 3, 2020, CBP provided notice via the ACE portal that the Protest was approved in full for merchandise classified correctly under 3918.10.1000 and therefore entitled to exclusion. Plaintiff received written notice of the approval on November 8, 2020.

3

15.) Based upon the alleged approval of the Protest, Plaintiff expected to receive a full refund of the $767,290.10 sought.

16.) Beginning on November 30, 2020, CBP issued refunds under the Protest totaling $294,342.70.

17.) Plaintiff was not aware that CBP failed to refund the full amount requested and approved until November 30, 2020, when Plaintiff received the first refund payment that did not comport with the amounts sought and approved in the Protest.

18.) Of the Entries included in the approved Protest, Plaintiff received full refunds for only fourteen (14) of those entries. For the forty-six (46) remaining entries, Plaintiff either received no refund at all or only partial refund.

19.) Of the forty-six (46) entries for which Plaintiff either received no refund or only a partial refund, thirty-three (33) of those entries involved inadvertent misclassifications of merchandise under 3918.10.2000 that Plaintiff had sought to be corrected to 3918.10.1000 pursuant to the filed, but rejected PSCs referenced to above. Accordingly, Plaintiff's claims in this action relate only to the remaining thirteen (13) entries (the "Litigated Entries") set forth in the attached SCHEDULE A.

20.) Defendant denied and continues to deny Plaintiff's recovery of $79,353.80 in additional Section 301 duties paid and for which USTR-granted exclusions applied on the Litigated Entries (the "Denied Claims") without viable explanation.

## STATEMENT OF CLAIMS

### COUNT I

21.) To the extent not inconsistent herewith, Plaintiff hereby incorporates, repeats and realleges the foregoing paragraphs as if fully set forth herein verbatim.

22.) Plaintiff paid Section 301 duties on the Litigated Entries at the time of importation in the United States in the amount of $79,353.80.

23.) The Litigated Entries were the subject of a valid and timely filed Protest that was approved in full by CBP.

24.) The failure to remit payment of the approved refunds for the Litigated Entries constitutes, in effect, a denial of Plaintiff's Protest.

25.) Plaintiff is entitled to grant of its Protest in full and a refund of duties paid as the articles imported under the Litigated Entries are properly excluded from Section 301 duties by the USTR.

26.) Defendant acted contrary to law in failing to refund Plaintiff additional Section 301 duties paid in connection with the Litigated Entries.

27.) Accordingly, Plaintiff is entitled to recovery of the Denied Claims in the amount of $79,353.80, plus accrued interest.

## COUNT II

28.) To the extent not inconsistent herewith, Plaintiff hereby incorporates, repeats and realleges the foregoing paragraphs as if fully set forth herein verbatim.

29.) Defendant erred in the administration and/or enforcement of the Customs laws in failing to remit payment of the approved refunds for the Litigated Entries.

30.) Accordingly, Plaintiff is entitled to recovery of the Denied Claims in the amount of $79,353.80, plus accrued interest.

**PRAYER FOR RELIEF**

Wherefore Plaintiff respectfully requests that this Court enter judgment overruling Defendant's effectual partial denial of protest number 270420109197, grant Plaintiff's claims for application of exclusions from additional tariffs under Section 301 of the Trade Act of 1974 with respect to the Litigated Entries, order reliquidation of the Litigated Entries, award Plaintiff $79,353.80 along with interest accrued thereupon, and grant such other and further relief as this Court may determine to be just and proper.

Respectfully submitted this 12th day of January 2022.

Fox Rothschild LLP

By: */s/ Lizbeth R. Levinson*
Lizbeth R. Levinson
Brittney R. Powell
Joseph W. Rohe
Ronald M. Wisla
1030 15th Street NW, Suite 380 East
Washington, DC 20005
Telephone: (202) 794-1182
llevinson@foxrothschild.com
bpowell@foxrothschild.com
jrohe@foxrothschild.com
rwisla@foxrothschild.com

# SCHEDULE A

## List of Litigated Entries

| Entry Number | Entry Line Numbers | Amount |
|---|---|---|
| 442-7913848-9 | 011, 012, 013 | 2,903.40 |
| 442-7913864-6 | 006, 010 | 3,934.90 |
| 442-7914068-3 | 003 | 1,315.00 |
| 442-7914069-1 | 001, 004, 005, 006, 010 | 6,069.70 |
| 442-7914423-0 | 010, 011, 012, 013 | 9,269.60 |
| 442-7914771-2 | 003, 004 | 3,617.70 |
| 442-7914789-4 | 003, 004 | 2,606.10 |
| 442-7914887-6 | 009 | 787.70 |
| 442-7915078-1 | 008, 009 | 2,725.60 |
| 442-7915918-8 | 001, 002, 003, 004, 005, 006, 007, 008, 009, 010, 011, 012 | 27,266.70 |
| 442-7916193-7 | 001 | 2,423.60 |
| 442-7916374-3 | 003, 009 | 4,182.90 |
| 442-7916376-8 | 006, 012, 013, 031 | 12,250.90 |
|  |  | **$79,353.80** |